HOUSLEY v. STATE.

Opinion delivered November 24, 1924.

1. CRIMINAL LAW—JUDICIAL NOTICE.—The courts take judicial notice, and all other persons are required to take notice, of orders promulgated by the Board of Control fixing the quarantine line.

2. ANIMALS—QUARANTINE ORDER—CLERICAL ERROR.—Use of the word "township" where obviously "range" was meant will not invalidate an order fixing the quarantine line.

3. ANIMALS—VIOLATION OF QUARANTINE ORDER—EVIDENCE.—Evidence *held* to sustain a finding that accused drove cattle from an infected county across the quarantine line.

Appeal from Searcy Circuit Court; *J. M. Shinn*, Judge; affirmed.

*J. F. Henley* and *W. F. Reeves*, for appellant.

*J. S. Utley*, Attorney General, and *John L. Carter*, Assistant, for appellee.

HUMPHREYS, J. Appellant was tried and convicted in the circuit court of Searcy County, on appeal from a judgment of conviction before a justice of the peace, for violating the cattle quarantine law, and, as a punishment therefor, was fined $50. He has prosecuted an appeal from the judgment of conviction to this court.

Appellant's main contention for a reversal of the judgment is that the court erred in instructing the jury as a matter of law that the quarantine line was between Van Buren and Searcy counties. This instruction was predicated upon the theory that the order promulgated by the Board of Control fixing the quarantine line suffi- ciently described the line as being between said counties. Of course, if said order sufficiently described the line as being between said counties, it would have been proper

for the court to have instructed the jury as to the location of the line, for courts take judicial notice, and all other persons are required to take notice, of orders promulgated by the Board of Control fixing the quarantine line. The notice in the instant case followed the language of the order, and is as follows:

"NOTICE—CATTLE QUARANTINE

"Effective April 24, 1923.

"That part of Van Buren County west of township line separating townships 13 and 14 west is hereby quarantined by proclamation on account of being infested with Texas fever ticks (*Margaropus annulatus*). Cattle from the above named county are not allowed to be shipped, trailed, transported, or allowed to drift into the free counties, or counties doing systematic tick eradication in the State of Arkansas.

"JOE H. BUX, State Veterinarian,
"Secretary Board of Control."

The order and notice are admittedly meaningless as written, but the Attorney General suggests, and we agree with him, that it is obvious that the Board of Control meant to use the word "ranges" instead of "townships," and that the use of the word "townships," was an obvious clerical error which courts will correct. *Bowman* v. *State*, 93 Ark. 168. The use of the word "west" after the figure 14 in the order and notice clearly indicates that said board intended to use the word "ranges," as ranges lie east and west of the meridian line and townships north and south of the base line. If the word "ranges" is substituted for the word "townships" in the order and notice it is apparent that all that part of Van Buren County lying west of the dividing line between ranges 13 and 14 was placed below or immediately south of the quarantine line. This being true, it was proper for the court to instruct the jury that the quarantine line was the dividing line between Searcy and Van Buren counties.

Appellant next, and lastly, contends for a reversal of the judgment upon the alleged insufficiency of the evi-

dence to support the finding of the jury that he drove the cattle out of Van Buren County into Searcy County, across the quarantine line. We have read the testimony carefully, and find that it tends to show that appellant sold the cattle at his home in Van Buren County, and delivered them to the purchaser at the salting ground in Searcy County the next day after selling them. According to the testimony of Henry Clayton, appellant was seen with the cattle within two hundred and fifty yards of the quarantine line, driving them in the direction of the line, and that appellant admitted that he was taking them across the line, and asked him (Clayton) to say nothing about it. The testimony was sufficient to support the verdict.

No error appearing, the judgment is affirmed.

SMITH, J., dissents.